UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

HARRESE ROWE-DALE and LARAE TATE,

                                Plaintiffs,

    -against-

CITY OF NEW YORK, VINCENT ORSINI, Individually, and
JOHN and JANE DOE 1 through 10, Individually, (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

Docket No.

Jury Trial Demanded

CV 12 - 4087

BRODIE, J.

POLLAK, M.J

        Plaintiffs HARRESE ROWE-DALE and LARAE TATE, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows:

### Preliminary Statement

1.    Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert supplemental state law claims.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff HARRESE ROWE-DALE is a twenty-two year old African American woman residing in Staten Island, New York.

7. Plaintiff LARAE TATE is twenty-four year old African American woman residing in Staten Island, New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, VINCENT ORSINI and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On May 23, 2011, at approximately 7:00 a.m., plaintiffs HARRESE ROWE-DALE and LARAE TATE were lawfully present inside of 339 Harbor Road, Apt. 8B, Staten Island, New York.

14. Plaintiff TATE was an invited guest of plaintiff ROWE-DALE and was asleep on the couch in the living room.

15. Plaintiff ROWE-DALE was asleep in her bedroom.

16. At the above mentioned time, defendant officers entered apartment 8B with their guns drawn.

17. The defendant officers searched the location.

18. The defendant officers did not recover any contraband from plaintiffs nor in any of the rooms where plaintiffs were present.

19. Notwithstanding the defendants' lack of probable cause to believe that plaintiffs had committed any crime, the defendants handcuffed plaintiffs and escorted plaintiffs out of the location.

20. The defendant officers transported plaintiffs to the NYPD's 120th precinct stationhouse and imprisoned them therein.

21. The defendants imprisoned plaintiffs in the precinct until approximately 11:00 p.m. on May 23, 2011, when the defendants released plaintiffs without charging them with any crimes or offenses.

22. Defendants ORSINI and JOHN and JANE DOE 1 through 10 either directly participated in or failed to intervene in the illegal conduct described herein.

23. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

24. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the execution of search warrants; the investigation of incidents; the treatment of innocent and/or uninvolved individuals found at the location of the execution of a search warrant; and that they engage in a custom and practice of falsification.

25. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. Their failure caused the officers in the present case to violate the plaintiffs' civil rights.

26. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and

humiliation, and deprivation of their constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

28. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiffs HARRESE ROWE-DALE and LARAE TATE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE

TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants arrested plaintiffs HARRESE ROWE-DALE and LARAE TATE without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

37. Defendants caused plaintiffs HARRESE ROWE-DALE and LARAE TATE to be falsely arrested and unlawfully imprisoned.

38. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

39. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The defendants falsely arrested plaintiffs because of the plaintiffs' national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

41. As a result of the foregoing, plaintiffs were deprived of their rights under the

Equal Protection Clause of the United States Constitution.

42. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

43. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. Defendants had an affirmative duty to intervene on behalf of plaintiffs HARRESE ROWE-DALE and LARAE TATE, whose constitutional rights were being violated in their presence by other officers.

45. The defendants failed to intervene to prevent the unlawful conduct described herein.

46. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE'S liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

47. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

48. Plaintiffs repeat, reiterate and reallege each and every allegation contained in

paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

50. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

51. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting people without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals, and; arresting people without probable cause merely based on their presence at the location of the execution of a search warrant; and engaging in falsification.

54. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiffs' rights as described herein. As a result of the

failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

55. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs HARRESE ROWE-DALE and LARAE TATE

56. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs HARRESE ROWE-DALE and LARAE TATE as alleged herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs HARRESE ROWE-DALE and LARAE TATE as alleged herein.

58. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs HARRESE ROWE-DALE and LARAE TATE were unlawfully arrested.

59. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs HARRESE ROWE-DALE and LARAE TATE'S constitutional rights.

60. All of the foregoing acts by defendants deprived plaintiffs HARRESE ROWE-

DALE and LARAE TATE of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from the failure to intervene; and

    D.    To receive equal protection under law.

61.    As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

62.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

64.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

65.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

66.    Plaintiffs have complied with all conditions precedent to maintaining the instant action.

67.    Their action falls within one or more of the exceptions as outlined in C.P.L.R.

1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

68. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants arrested plaintiffs HARRESE ROWE-DALE and LARAE TATE without probable cause.

70. Plaintiffs HARRESE ROWE-DALE and LARAE TATE were detained against their will for an extended period of time and subjected to physical restraints.

71. As a result of the aforementioned conduct, plaintiffs HARRESE ROWE-DALE and LARAE TATE were unlawfully imprisoned in violation of the laws of the State of New York.

72. As a result of the aforementioned conduct, plaintiffs HARRESE ROWE-DALE and LARAE TATE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

73. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

74. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendants made offensive contact with plaintiffs HARRESE ROWE-DALE and

LARAE TATE without privilege or consent.

76. As a result of defendant's conduct, plaintiffs HARRESE ROWE-DALE and LARAE TATE have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

77. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

78. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

80. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

81. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

82. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs HARRESE ROWE-DALE and LARAE TATE

83. As a result of the aforementioned conduct, plaintiffs HARRESE ROWE-DALE and LARAE TATE suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

84. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

85. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "84" with the same force and effect as if fully set forth herein.

86. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs HARRESE ROWE-DALE and LARAE TATE

87. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

88. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

89. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and

participated in the arrest of plaintiffs HARRESE ROWE-DALE and LARAE TATE

91. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

92. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Plaintiffs HARRESE ROWE-DALE and LARAE TATE's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

94. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

95. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

97. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

98. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. As a result of defendants' conduct, plaintiffs HARRESE ROWE-DALE and LARAE TATE were deprived of their right to equal protection of laws.

100. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

101. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "100" with the same force and effect as if fully set forth herein.

102. As a result of defendants' conduct, plaintiffs HARRESE ROWE-DALE and LARAE TATE were deprived of their right to security against unreasonable searches, seizures, and interceptions.

103. As a result of the foregoing, plaintiffs HARRESE ROWE-DALE and LARAE TATE are entitled to compensatory damages in an amount to be fixed by a jury, and are further

entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs HARRESE ROWE-DALE and LARAE TATE demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
August 13, 2012

>LEVENTHAL & KLEIN, LLP
>Attorneys for Plaintiffs HARRESE ROWE-DALE
>and LARAE TATE
>45 Main Street, Suite 230
>Brooklyn, New York 11201
>(718) 722-4100
>
>By: _____
>BRETT H. KLEIN (BK4744)